## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KRISTEN HAMILTON, <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN PARK PUBLIC LIBRARY, <br><br> Defendant. | Case No. <br><br> **Trial by jury demanded.** |

### COMPLAINT AT LAW

COMES NOW the Plaintiff, KRISTEN HAMILTON, through her attorneys, The Case Law Firm, LLC, and for her Complaint at Law against Defendant states as follows:

### JURISDICTIONAL STATEMENT

1. Plaintiff Kristen Hamilton (hereinafter "Plaintiff") is and was at all relevant times a resident of Chicago, Cook County, Illinois.

2. Defendant Franklin Park Public Library (hereinafter "Defendant" or "the Library") is a public library located in Franklin Park, IL. Venue is proper in this Court pursuant to 735 ILCS 5/2-102 because the conduct which gives rise to this action occurred in Franklin Park, Cook County, Illinois.

3. This Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209.

### FACTS

4. At all relevant times, Plaintiff worked for Defendant as a part-time Circulation Desk Clerk.

5. During Plaintiff's employment, she consistently met and exceeded expectations.

6. Plaintiff has two chronic and inter-related neuropsychological conditions: a non-verbal learning disorder, and a pervasive information processing inefficiency. These conditions

substantially limit her in several major life activities, including, but not limited to: thinking, reasoning and processing information.

7. Irene Emanuel was Defendant's Director of Circulation. From the start, Ms. Emanuel was hostile toward Plaintiff, referring to her as "slow" in front of a customer and frequently criticizing the length of time it took her to do things. Ms. Emanuel was not similarly hostile to non-disabled employees.

8. Four months after Plaintiff started working at the Library, on October 17, 2017, Ms. Emanuel gave her a "Final Review" and threatened to terminate her if she did not improve.

9. On November 19, 2017, Plaintiff disclosed her disability to Marie Saeli, Executive Director, and the Library board, and complained about Ms. Emanuel's discriminatory treatment of her.

10. On December 11, 2017, Plaintiff met with Ms. Saeli, Ms. Emanuel, and her supervisor, Jason Arndt, to discuss her disability and possible accommodations, including additional time to complete tasks.

11. Ms. Saeli and Ms. Emanuel offered additional training but nothing more.

12. Then, just one week after the accommodation meeting, on December 19, 2017, before Plaintiff received the additional training Defendant had promised her, Ms. Emanuel issued Plaintiff a scathing performance review, again criticizing her for her errors and her inability to work quickly enough.

13. Ms. Emanuel required clerks to be able to shelve two cases of books with no mistakes in twenty minutes or less. In March of 2018, Plaintiff asked her supervisor, Kryztal Gonzalez, to be permitted additional time, as an accommodation, to complete this task. Ms. Gonzalez told Plaintiff she would check with Ms. Emanuel.

14. Instead of granting this reasonable accommodation, on April 17, 2018, Defendant terminated Plaintiff for false and pretextual reasons.

## COUNT I
## FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

20. Plaintiff was a qualified individual with a disability.

21. Plaintiff told Defendant about her disability and requested reasonable accommodations.

22. The accommodations requested were reasonable and would not have posed an undue burden on Defendant, yet Defendant refused to provide the accommodation and, instead, disciplined and then terminated Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court:

**A.** Enter a finding that Defendant failed to accommodate her;

**B.** Award her lost wages and benefits;

**C.** Award her compensatory and punitive damages; and

**D.** Award her reasonable attorneys' fees and costs incurred in bringing this Action;

**E.** Award Plaintiff any further relief this Court deems to be just and appropriate.

## COUNT II
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff incorporates by reference paragraphs 1-16 as though fully set forth in this Count I.

16. Plaintiff was a qualified individual with a disability.

17. Defendant discriminated against Plaintiff because of her disability by subjecting her to harsher discipline and termination as compared to her non-disabled counterparts.

18. As a result, Plaintiff has suffered lost wages and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendant subjected her to disability discrimination;

B. Award Plaintiff lost wages and benefits;

C. Award Plaintiff compensatory and punitive damages; and

D. Award Plaintiff reasonable attorneys' fees and costs incurred in bringing this Action;

E. Award Plaintiff any further relief this Court deems to be just and appropriate.

## COUNT III
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff incorporates by reference paragraphs 1-16 as though fully set forth in this Count III.

20. Plaintiff engaged in a protected activity when she requested reasonable accommodations.

21. In retaliation for requesting reasonable accommodations Defendant terminated Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that the Defendant retaliated against the Plaintiff;

B. Award her lost wages and benefits;

C. Award her compensatory and punitive damages;

D. Award her attorneys' fees and costs incurred in bringing this Action;

E. Award any such further relief the Court deems justice requires.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

                                            Respectfully Submitted,

                                            KRISTEN HAMILTON

                                            By:    /s/Kristin M. Case
                                                        One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
The Case Law Firm, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800
Attorney No. 49223